IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT TROY MCCLURE | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-53 |
| JUAN A. TORRES, *et al.*, | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Plaintiff, Robert Troy McClure, an inmate currently confined at the Robertson Unit with the

Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se and in*

*forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Thorp,

Holderreith and Livingston. Pending is plaintiff's Motion for Relief from Judgment filed June 27,

2017 (docket entry no. 21).

## Background

On March 23, 2016, Magistrate Judge Keith Giblin entered an order in Civil Action Number

9:15cv130, severing plaintiff's claims against defendant Lieutenant Torres (docket entry no 1).[1]

These claims were severed into the above-referenced civil action number and the case was referred

to United States Magistrate Judge Zack Hawthorn on that same day. Plaintiff filed a consent to

proceed before the U.S. Magistrate Judge on April 14, 2016 (docket entry no. 3) and a motion for

leave to file an amended complaint (docket entry no. 4). In the motion for leave to file an amended

---

[1]In the order, Magistrate Judge Keith Giblin noted plaintiff raised a new complaint concerning an alleged assault by a Lieutenant Torres on October 27, 2015 at the Eastham Unit. At the time of mailing this complaint, plaintiff was still incarcerated at the Eastham Unit on October 28, 2015 and alleged his life was in danger (docket entry no. 14)

complaint, it was noted that plaintiff had been transferred to the Stiles Unit. *Id.*, pg. 2. Plaintiff's

motion for leave to file amended complaint was granted on August 17, 2016 (docket entry no. 6) and

the Amended Complaint was filed on the same day (docket entry no. 7). In the amended complaint,

plaintiff added claims against defendants Thorp, Holderrieth and Livingston surrounding the same

events involving Lieutenant Torres at the Eastham Unit, in addition to adding a request for damages.

Specifically, plaintiff alleged defendants Thorp and Holderrieth participated in the use of force on

October 27, 2015. In addition, plaintiff alleged defendant Livingston, the executive director of the

Texas Department of Criminal Justice, failed to properly supervise defendant Torres and refused to

file complaints against defendant Torres with appropriate state and county officials.

A Report and Recommendation was entered on March 16, 2017, recommending plaintiff's

claims against defendants Thorp, Holderreith and Livingston be dismissed without prejudice

pursuant to 28 U.S.C. § 1915(g) as plaintiff was no longer in imminent danger of serious physical

injury with respect to these defendants (docket entry no. 11). On that same day, an order for

defendant Torres to answer was entered (docket entry no. 12). In response to the order to answer,

the Office of the Attorney General, as Amicus Curiae, filed a Motion to Revoke Plaintiff's *In Forma

Pauperis* status as it relates to his claims against defendant Torres (docket entry no. 15).

This Court never received objections to the Report and Recommendation entered March 16,

2016. A Memorandum Opinion and Order Adopting the Report and Recommendation and Partial

Judgment were entered on May 11, 2017 (docket entry nos. 17 & 18). Plaintiff filed a Motion for

Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) on June 27, 2017 (docket

entry no. 21). Included with this motion are plaintiff's proposed Objections to the Report and

Recommendation. *Id.* This court, therefore, considers the Motion for Relief from Judgment in light

of plaintiff's objections.

Discussion

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b) (1)-(5). In addition, Rule 60(b) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the given enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). To prevail on a motion to set aside judgment, a defendant must also show "good cause." *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D. Tex. 1995). Generally, Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 19897) (citations omitted). Such a motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time. FED. R. CIV. P. 60(b).

The Supreme Court has cautioned that Rule 60(b)(6) should only be applied in extraordinary circumstances. *See Ames v. Miller*, 184 F.Supp.2d 566, 575 (N.D. Tex. 2002) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S., 847, 863 (1988); *Ackermann v. United States*, 340 U.S. 193 (1950)). The court enjoys considerable discretion when determining whether the movant has satisfied the Rule 60(b)(6) standard. *See Teal v. Eagle Fleet, Inc.*, 933

F.2d 341, 347 (5th Cir. 1991).

Plaintiff cannot establish he was in imminent danger of serious physical injury at the time he amended his complaint as he was transferred to the Stiles Unit sometime in 2016. Plaintiff's claims against defendants Thorp, Holderreith and Livingston arose from the events involving defendant Torres that occurred at the Eastham Unit in October of 2015. Regardless, even at the time of the alleged assault, plaintiff only made an allegation of imminent danger of serious physical injury against defendant Torres. Section 1915(g) bars plaintiff from proceeding further with these claims and plaintiff's objections are overruled.

Plaintiff has failed to show any of the bases outlined above, extraordinary circumstances or good cause warranting relief as required by Federal Rule of Civil Procedure 60(b). As a result, Plaintiff's Motion for Relief from Judgment, in light of his objections, is denied.

<u>ORDER</u>

For the foregoing reasons stated herein, Plaintiff's Motion for Relief from Judgment (docket entry no. 21) is **DENIED**.

**So Ordered and Signed**
**Dec 1, 2017**

_Ron Clark_
Ron Clark, United States District Judge