IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ROBERT TROY MCCLURE | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:16-CV-53 |
| JUAN A. TORRES | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Troy McClure, an inmate confined at the Michael Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Juan A. Torres.

Factual Background

This case was severed from Civil Action Number 9:15cv130 in which plaintiff raised a new complaint concerning an alleged assault by defendant Lieutenant Torres (docket entry no. 1). In his Amended Complaint filed August 17, 2016, plaintiff alleges defendant Torres used excessive force against him on October 27, 2015, in violation of the Eighth Amendment. Amended Complaint (docket entry no. 13). Plaintiff seeks compensatory and punitive damages. *Id*.

Specifically, plaintiff states he started a hunger strike on October 17, 2015 because of an assault and barbaric treatment.[1] *Id*. The next day, plaintiff alleges he collapsed on the recreation yard and defendant Torres used excessive force when he slammed into plaintiff's back when he was

---

[1] Plaintiff does not state who assaulted him at this time and does not appear to pursue any cause of action with respect to this incident.

lying on the ground.² Defendant Torres wrote a false disciplinary case against plaintiff for allegedly starting a riot. *Id*. Plaintiff claims he was then placed on bed rest by a doctor.

On October 27, 2015, plaintiff alleges he was being escorted by officers Thorp and Holderrieth. Plaintiff contends he showed them both his bed rest pass but officers Thorp and Holderrieth started pulling and pushing plaintiff to walk faster then he could. Plaintiff states officers Thorp and Holderrieth took plaintiff to the Captain's office and defendant Torres was there. According to plaintiff, he was standing for over fifteen minutes and asked officers Thorp and Holderrieth if he could sit down as he was feeling dizzy and sick. Plaintiff asserts officers Thorp and Holderrieth told him they did not care and forced plaintiff to continue to stand. Plaintiff states he was standing in front of the disciplinary captain who told officers Thorp and Holderrieth to take him back as plaintiff could not stand up straight.

As he turned around to leave, plaintiff blacked out falling to the floor. Plaintiff alleges officers Thorp and Holderrieth both jumped on plaintiff, falling on him with their knees against his neck and lower back.³ Plaintiff contends he was not resisting but just lying there. According to

---

²Defendant Torres did not address this claim in his Motion for Summary Judgment. In addition, in his amended complaints and responses following this amended complaint on August 17, 2016, plaintiff has not mentioned an assault by defendant Torres on October 26, 2015 again. It would appear plaintiff has abandoned this claim of excessive force.

³Prior to the date on which this suit was filed, at least three lawsuits or appeals filed by plaintiff were dismissed as frivolous or for failure to state a claim upon which relief may be grated. *McClure v. Baggett*, No. 5:10cv79 (E.D. Tex. May 24, 2010 (dismissed for failure to state a claim and as frivolous); *McClure v. Sanchez*, No. 11-50274 (5th Cir. Sept. 29, 2011) (appeal dismissed as frivolous); *McClure v. Thaler*, No. 5:11cv180 (E.D. Tex. July 13, 2012) (dismissed for failure to state a claim). Plaintiff's present claims against defendant Torres were severed from 9:15cv130 as plaintiff made allegations he was under imminent danger of serious physical injury while at the Eastham Unit. Specifically, plaintiff alleged defendant Torres threatened to assault him again and wanted to kill plaintiff. Plaintiff then filed an amended complaint adding officers Thorp and Holderrieth and Executive Director Livingston. Plaintiff alleged the actions of defendant Thorp and Holderrieth described above in addition to alleging Executive Director Livingston failed to properly supervise his subordinates. At the time of filing the amended complaint, plaintiff had been transferred to the Stiles Unit and was no longer under a threat of imminent danger. Plaintiff's claims against officers Thorp, Holderrieth and Executive Director Livingston were dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) as plaintiff did not pay the full filing fee.

plaintiff, officer Holderrieth started twisting plaintiff's ankle and hyper extended his knee. Plaintiff states officer Thorp choked him using his knees and took jabs at plaintiff's ribs. Plaintiff contends he was suffering in extreme pain when defendant Torres came out of his office and ran up to him, kicking plaintiff in the face repeatedly. Plaintiff states he suffered injuries to his face and alleges this was not the first time defendant Torres assaulted him. Plaintiff alleges he has filed several complaints against defendant Torres with state officials and grievances.

Motion for Summary Judgment

Defendant Torres filed a Motion for Summary Judgment on May 2, 2019 (docket entry no. 76). Defendant Torres argues he is entitled to Eleventh Amendment Immunity as to any claim for money damages against him in his official capacity. In addition, Defendant Torres asserts he is entitled to qualified immunity. Specifically, defendant Torres argues that plaintiff's injuries are *de minimis* and that the use of force was necessary and proportionate to the response of a reasonably perceived threat. Moreover, defendant Torres argues the competent summary judgment evidence demonstrates he never actually touched plaintiff during the use of force. Defendant Torres relies on the following summary judgment evidence:

Exhibit A: TDCJ Use of Force Report No. M-06768-10-15 [Bates Nos. 1-56];

Exhibit B: TDCJ Correctional Managed Health Care Records regarding Offender McClure, Robert Troy, TDCJ No. 1420457 [Bates Nos. 57-107];

Exhibit C: Copy of Video Accompanying Use of Force Report No. — 06768-10-15

## Plaintiff's Response

Plaintiff filed several responses to the Motion for Summary Judgment (docket entry nos. 80, 83-84, 86 & 91). In support, plaintiff attaches Admissions (docket entry no. 84, pg. 1-3) and a Deposition (docket entry no. 86). Plaintiff states he has created a genuine dispute of material fact as to his claim of excessive force.

## Objections to Plaintiff's Evidence

Defendant Torres objects to plaintiff's evidence in response to the Motion for Summary Judgment (docket entry no. 88). Specifically, defendant Torres argues the Admissions and Deposition are not competent summary judgment evidence as they are not admissible at trial and are not supported by the record.

After a properly-supported motion for summary judgment is filed, the non-movant must produce competent summary-judgment evidence that a jury could rely on to render a verdict in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The non-movant cannot create a disputed fact issue merely by showing there is "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *United States v. Diebold*, 369 U.S. 654, 655 (1962)). "The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Unsupported, self-serving statements in a non-movant's affidavit or declaration cannot create a fact issue and avoid summary judgment. *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997); *Anderson*, 477 U.S. at 249. Rather, the affidavits or declarations offered in support of the non-movant's summary-judgment response must contain evidence supported by the record that would

4

be admissible at trial under the Federal Rules of Evidence. FED. R. CIV. P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Federal Rule of Civil Procedure 36 states that "[a] party may serve *on any other party* a written request to admit." FED. R. CIV. P. 36. A review of plaintiff's Admissions reveals they are questions proposed to plaintiff and answered by plaintiff and are not in proper form under the Federal Rule of Civil Procedure.

Federal Rule of Civil Procedure 28 states that "[a] deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." FED. R. CIV P. 28. In addition, Federal Rule of Civil Procedure 32 states "all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8). FED. R. CIV. P. 32. A review of plaintiff's Deposition reveals it is essentially plaintiff's recitation of his claims and legal theories in this matter and not subject to cross-examination.

Plaintiff's Admissions and Deposition are not proper under the Federal Rules of Civil Procedure. Furthermore, the evidence plaintiff's offers in support of his response to the Motion for Summary Judgment is inadmissible under the Federal Rules of Evidence 401, 402, 403, 404(b), 602 and 609. Plaintiff's evidence comprises of his own speculation regarding a conspiracy against him, improper character evidence and plaintiff's opinion regarding the fairness of his underlying 2006 criminal conviction, the latter of which is irrelevant to the current proceedings.

Plaintiff's Admissions and Deposition are self-serving, improper under the Federal Rules of Civil Procedure, inadmissible under the Federal Rules of Evidence and cannot be considered competent summary judgment evidence. Plaintiff's Admissions and Deposition will not be considered by the Court in response to defendant's Motion for Summary Judgment.

## Standards of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and one party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine dispute of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary

judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

*42 U.S.C. § 1983*

To state a claim for relief under § 1983, a plaintiff must allege a right secured by the Constitution or the laws of the United States and a violation of that right by one or more state actors. *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994). To be a state actor subject to liability under Section 1983, the defendant must act "under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia." 42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The Supreme Court has formulated a two-part approach to the issue of state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937(1982).

Finally, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). The court must determine whether plaintiffs allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the Court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is

protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In order to overcome a defendant's entitlement to qualified immunity, a plaintiff must satisfy a three-part test. *Kipps v. Callier*, 197 F.3d 765, 768 (5th Cir. 1999) (citing *Morris v. Dearborne*, 181 F.3d 657, 665 (1999)). First, a plaintiff must allege the deprivation of a constitutional right. *Wilson v. Layne*, 526 U.S. 603, 603-04 (1999); *Morris*, 181 F.3d at 665. Second, a plaintiff must allege the violation of a right that was clearly established at the time of the alleged violation. *Wilson*, 526 U.S. at 604. Finally, a plaintiff must produce competent summary judgment evidence that demonstrates that the violation occurred or at least gives rise to a genuine dispute of material fact as to whether the defendant actually engaged in the conduct that violated the clearly-established right. *Kipps*, 197 F.3d at 768 (citing *Morris*, 181 F.3d at 666). If a plaintiff meets this burden, then the court must decide whether the conduct was nonetheless "objectively reasonable," as a matter of law. *Eugene v. Alief ISD*, 65 F.3d 1299, 1305 (5th Cir. 1995). A plaintiff fails to satisfy either of these requirements with conclusory allegations of wrongdoing. *Geter v. Fortenberry*, 849 F.2d 1550, 1555 (5th Cir. 1988).

Discussion & Analysis

*Excessive Use of Force*

In addressing an excessive use of force claim, analysis begins by identifying the specific constitutional right allegedly infringed upon by the challenged application of force. *Graham v.*

*Connor,* 490 U.S. 386 (1992). The claim of a convicted prisoner is judged against the Eighth Amendment standard set out in *Hudson v. McMillan,* 503 U.S. 1 (1992). "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 6–7 (*quoting Whitley v. Albers,* 475 U.S. 312, 321 (1986)). Several factors are relevant in determining whether the force used was excessive: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder,* 137 F.3d 836, 839 (5th Cir. 1998).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson,* 503 U.S. at 9. The Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson,* 503 U.S. at 9, *quoting Whitley,* 475 U.S. at 327; *see Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir. 1993) (spraying inmate with a fire extinguisher after the fire was out was a de minimis use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury).

Defendant Torres's argument in his motion for summary judgment is three-fold. First, he argues that he was not involved in the use of force at all and "never so much as touched Offender McClure." Motion for Summary Judgment, pg. 9 (docket entry no. 76). Second, the use of force engaged in by officers Thorp and Holderreith was necessary, proportionate, and in response to a reasonably perceived threat. Third, plaintiff's injuries not only mitigates his claim for damages, it

utterly controverts them, leaving no genuine issue of material fact for a jury to decide. *Id*., pg. 8-9. In sum, defendant Torres argues the injuries are *de minimis* and cannot form the basis of an Eighth Amendment claim. *Id*.

In discussing the *Hudson* factors, defendant Torres states the use of force as a whole was justified and executed within constitutional parameters as plaintiff was non-compliant, making verbal threats, pulled away from officers Thorp and Holderrieth and then resisted, threatened and kicked at officers Thorp and Holderrieth once they were successful in getting plaintiff to the ground. Motion for Summary Judgment, pg. 9 (citing *Hudson,* 503 U.S. at 7). Defendant Torres states he was sitting in a nearby office and witnessed plaintiff's assaultive behavior and initiated the unit's Incident Command System ("ICS"), calling for additional officers to respond to assist officers Thorp and Holderreith in safely restraining plaintiff. *Id*. Defendant Torres further states that once the additional officers arrived, plaintiff was still engaging in abusive and violent behavior when they began escorting plaintiff to the unit medical facility for a post-use-of-force physical. *Id*. Defendant Torres argues all of the officers' accounts of the incident are consistent with defendant Torres' version of events. *Id*.

Plaintiff's version of the events in his verified amended complaint are in direct contrast to the account provided by defendant Torres. Amended Complaint (docket entry no. 13). This Court is required to take plaintiff's allegations in the light most favorable to him. As outlined above, plaintiff alleges defendant Torres came out of his office running toward him while he was subdued on the ground and kicked plaintiff in the face repeatedly. Plaintiff's stated injuries are consistent with the injuries noted in the medical records. In addition, in the Use of Force video, plaintiff immediately complains that defendant Torres kicked him in the face. This video starts after the use

11

of force was over and plaintiff was subdued on the ground and was recorded contemporaneously with the events at issue.

In evaluating the *Hudson* factors, defendant Torres conveniently ignores plaintiff's version of the events. Specifically, the question of whether repeated kicks to the face can be considered a legitimate use of force. The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 36 (2010) (citing *Hudson*, 503 U.S. at 7). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, *provided* that the use of force is not of a sort repugnant to the conscience of mankind." *Id.*, at 8 (citing *Wilkins*, 550 U.S. at 9-10) (emphasis added).

Based on the current record, there is a genuine dispute of material fact as to whether defendant Torres kicked plaintiff in the face repeatedly and whether that type of force could be considered a good-faith effort to maintain or restore discipline. Defendant Torres is not entitled to qualified immunity at this stage. The Motion for Summary Judgment must be denied.

*Other Claims*

In response to the Motion for Summary Judgment, plaintiff states defendant Torres failed to address his claims for retaliation, equal protection violations, and plaintiff's request for declaratory judgment relief against defendant Torres in his official capacity. Plaintiff affirmatively states he is not seeking damages against defendant Torres in his official capacity.

A review of plaintiff's pleadings reveals plaintiff filed a Motion for Leave to File Amended Complaint and a proposed Amended Complaint one day before defendant Torres filed his Motion for Summary Judgment (docket entry nos. 72 & 73). Plaintiff requested leave to amend again and

a proposed Amended Complaint on June 17, 2019 (docket entry nos. 81 & 82). Receiving no objections from defendant Torres, the Magistrate Judge later granted leave to amend on August 6, 2019 (docket entry no. 92). However inartfully plead, plaintiff did recite claims for retaliation, equal protection violations and declaratory relief and discusses them in detail in both responses to his Motion for Summary Judgment (docket entry no. 80 & 100). Defendant Torres never sought leave to amend his Motion for Summary Judgment to address these claims. In an effort to clarify the issues for trial, this Court will allow defendant Torres to file an Amended Motion for Summary Judgment within thirty days to address these claims.

ORDER

It is, **ORDERED** that Defendant Torres' Motion for Summary Judgment as to plaintiff's claim of excessive force (docket entry no. 76) is **DENIED**. It is further **ORDERED** that defendant Torres has thirty days from entry below to file an Amended Motion for Summary Judgment addressing plaintiff's claims of retaliation, equal protection violations and declaratory relief.

**So Ordered and Signed**
**Dec 11, 2019**

_____
Ron Clark, Senior District Judge