IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT TROY MCCLURE | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-53 |
| JUAN A. TORRES, *et al.*, | § | |

<u>MEMORANDUM OPINION AND ORDER REGARDING SEVERANCE AND ENTRY OF FINAL JUDGMENT PURSUANT TO FRCP 54(b)</u>

This case has a complicated procedural background and has been pending since March of 2016. Plaintiff's claims against defendants Brad Livingston, Ryan G. Thorp and Brittany Holderrieth were dismissed in May of 2017 (docket entry no. 17). The Office of the Attorney General as *Amicus Curiae* then moved to revoke plaintiff's *in forma pauperis status* which was ultimately denied on December 16, 2017 (docket entry no. 30). Service as to defendant Torres took almost two years to effectuate and defendant Torres finally filed an answer on April 2, 2019 (docket entry no. 64). A Docket Control Order was entered the next day (docket entry no. 65).

On December 11, 2019, the court entered a Memorandum Opinion and Order denying defendant Torres' Motion for Summary Judgment as to plaintiff's claim of excessive use of force (docket entry no. 101). In the Memorandum Opinion and Order, defendant Torres was ordered to file an Amended Motion for Summary Judgment addressing plaintiff's claims of retaliation, equal protection violations and declaratory relief. *Id*. Defendant Torres filed the Amended Motion for Summary Judgment on January 10, 2020 (docket entry no. 104). On February 13, 2020, plaintiff sought an extension to respond which was granted on February 18, 2020 (docket entry nos. 108 & 109). The case was stayed pending plaintiff's Response. *Id*.

Plaintiff filed a Response on March 17, 2020, around the same time the COVID-19 Pandemic impacted the United States. The stay was lifted on December 4, 2020, and the Magistrate Judge entered a Report and Recommendation on December 21, 2020, recommending the Amended Motion for Summary Judgment be granted in part and denied in part (docket entry no. 114). Specifically,

the Magistrate Judge recommended granting the Amended Motion for Summary Judgment as to plaintiff's claims of equal protection violations and prospective injunctive relief and denying the motion as to plaintiff's claim of retaliation. *Id*.

The only remaining defendant in this case is defendant Torres. At present, plaintiff's claim of excessive use of force will proceed to trial. In light of the COVID-19 pandemic, there is no assurance plaintiff's claims against defendant Torres can be handled with dispatch. In order to avoid the possible injustice of delaying judgment against defendants Livingston, Thorp and Holderrieth, the court believes that severance of the claims against defendant Torres and the entry of Final Judgment in the above-referenced case against defendants Livingston, Thorp and Holderrieth pursuant to Federal Rule of Civil Procedure 54(b) is appropriate. *See Gelboim v. Bank of America Corp., et al.*, 574 U.S. 405, 409 (2015); *Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 87-80 (5th Cir. 2014). While reversal of plaintiff's claims against defendants Livingston, Thorp and Holderrieth is unlikely,[1] any further delay could prove prejudicial as potential witnesses disappear and memories fade. As it has taken considerable time to serve defendant Torres and the challenges imposed by the COIVD-19 pandemic further complicate the trial setting as to plaintiff's claims against him, the court expressly finds there is no just reason for delay. It is, therefore,

**ORDERED** that plaintiff's claims against defendant Juan A. Torres are **SEVERED** from this action and shall proceed as a separate civil rights action filed pursuant to 42 U.S.C. § 1983. The Clerk of Court is instructed to file the following docket entries into the new civil rights action: 1-2, 12, 13, 37-38, 58-59, 64-65, 73, 76, 80, 82, 88, 91, 100-101, 103-107, 110-116. The Clerk of Court is instructed further to docket plaintiff's demand for a jury trial into the new case. A Final Judgment

---

[1] Plaintiff's claims against these defendants were dismissed pursuant to 28 U.S.C. § 1915(g) as plaintiff moved units and no longer met the imminent danger exception.

will be entered separately pursuant to Federal Rule of Civil Procedure 54(b) as to plaintiff's claims against defendants Livingston, Thorp and Holderrieth.

So ORDERED and SIGNED, Mar 03, 2021.

_____
Ron Clark
Senior Judge